# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY SANDERS and OLIVA SANDERS, h/w<br><br>v.<br><br>RYDER TRUCK RENTAL, INC. a/k/a and d/b/a Ryder Truck Rental, RYDER SYSTEM, INC. and JULIO ACEVEDO | CIVIL ACTION<br><br>NO. 17-4344 |
|---|---|

## MEMORANDUM ORDER RE: MOTION TO REMAND

Baylson, J.                                                                                              January 10, 2018

### I. Factual Background and Procedural History

This case arises out of an alleged car accident in Philadelphia between a truck driven by Defendant Julio Acevedo and a car driven by Plaintiff Anthony Sanders. The Complaint also alleges that Defendant Acevedo was an agent or employee of Ryder Truck Rental and Ryder System (the "Corporate Defendants"). Count I of the Complaint is for Negligence and Recklessness and Count II is for Loss of Consortium. Plaintiff Olivia Sanders is included for both counts, although she was not present for the alleged car accident.

On September 19, 2017, Plaintiff filed their Complaint in the Court of Common Pleas, Philadelphia County. Defendants filed a Notice of Removal on September 29, 2017, and Plaintiffs filed a Motion to Remand on October 4, 2017. Defendants timely responded to the Motion to Remand on October 12, 2017.

On November 20, 2017, this Court ordered Plaintiffs to specifically allege the corporate citizenship of the Corporate Defendants, because "[u]pon review of the Complaint, it does not appear that Plaintiffs have specifically alleged [their] corporate citizenship." The Court's Order

specifically stated that, "[i]f these entities are not corporate citizens of Pennsylvania, it is likely that diversity of citizenship exists and the Motion to Remand should be denied." The Court's Order also stated that, "[i]f for any reason, Plaintiffs do not [specifically allege the corporate citizenship of Defendants], the Court intends to deny the Motion to Remand."

Plaintiffs timely field an Amended Complaint on November 30, 2017. The Amended Complaint mirrors the citizenship allegations contained in the original Complaint. The relevant paragraphs are excerpted below:

> 3. Defendant Ryder Truck Rental, Inc [sic] a/k/a and d/b/a/ Ryder Truck Rental is an organized and existing business entity that may be served with process at the address as stated in the original process filed in this matter.
>
> 4. Defendant Ryder System, Inc. is an organized and existing business entity that may be served with process at the address as stated in the original process filed in this matter.
>
> 6. Defendant Ryder Truck Rental is an entity and fictious [sic] name at all times material hereto and ever since 1957 registered in the Commonwealth of Pennsylvania . . . .
>
> 7. Since both plaintiffs Anthony and Olivia Sanders and DBA defendant Ryder Truck Rental at all relevant times are residents and citizens of Pennsylvania . . . there is no diversity of citizenship . . . .

(ECF 14).

## II.     Legal Standards

28 U.S.C. § 1441 generally permits defendants in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to remove such action "to the district court of the United States for the district and division embracing the place where such action is pending." Thus, determining whether an action is properly removed to federal court necessitates reference to other statutes conferring "original jurisdiction"—such as the statute conferring "diversity" jurisdiction. See 28 U.S.C. § 1332. If removal is improper,

and a court determines that it lacks subject matter jurisdiction over an action, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**III.    Analysis**

Plaintiffs' Motion to Remand alleges that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiffs are citizens of Pennsylvania and Defendants Ryder Truck Rental and Ryder System are also citizens of Pennsylvania.  Specifically, Plaintiffs state that "according to a search of records with the Pennsylvania Corporations Bureau, defendant Ryder Truck Rental at all relevant times and ever since 1957 has been an entity and fictitious name in '<u>active</u>' status and <u>registered in Philadelphia, Pennsylvania</u>."  Plaintiffs then state that this Court should remand because it is the removing party's burden to demonstrate federal jurisdiction and all doubts regarding the propriety of the removal must be resolved in favor of remand.  <u>Boyer v. Snap-On Tools Corp.</u>, 913 F.3d 108, 111 (3d Cir. 1990), <u>cert. denied</u> 498 U.S. 1085 (1991).  Plaintiffs attach as Exhibit A a printout of Ryder Truck Rental's Pennsylvania corporate registration.

Defendants' Response to the Motion to Remand asserts that Plaintiffs failed to properly allege corporate citizenship of Ryder Truck Rental and Ryder System.  Instead, they contend, the Complaint is devoid of any allegations about the Corporate Defendants' states of incorporation or principal place of business.  Defendants assert that Corporate Defendants are incorporated in Florida, and that they file their Annual Reports in Florida.  Attached as Exhibits A and B to the Response are Florida Division of Corporations Records and 2017 Annual Reports for the Corporate Defendants.  Defendants also point out that proper invocation of diversity jurisdiction requires Plaintiff to allege where a corporation has its principal place of business, and they contend that the Complaint and Motion to Remand both fail to allege that Corporate Defendants'

3

principal places of business are within Pennsylvania.  S. Freedman & Co., Inc. v. Raab, 180 Fed. App'x. 316, 320 (3d Cir. 2006).  Lastly, Defendants contend that Plaintiffs' diversity claim—based on Ryder Truck Rental having a registered office in Philadelphia—is insufficient to establish corporate citizenship.  Rubin v. Baltimore & O.R. Co., 324 F. Supp. 204 (E.D. Pa. 1971).

Plaintiffs should not be permitted to avoid federal jurisdiction by obfuscating the citizenship of Corporate Defendants in their Complaint.  This Court ordered Plaintiffs to specifically plead the corporate citizenship of the Corporate Defendants and they failed to do so.  Rather than supplementing their allegations, Plaintiffs in their Amended Complaint employed the same inadequate language contained in their original Complaint, i.e., that each Corporate Defendant is an "organized and existing business entity that may be served with process at the address as stated in the original process filed in this matter," and that Ryder Truck Rental is "registered" in Pennsylvania.  These allegations are inadequate to establish that the Corporate Defendants are citizens of Pennsylvania.  Therefore, because Plaintiffs have not countered Defendants' assertion that Corporate Defendants are citizens of Florida alone, there is complete diversity of parties justifying subject matter jurisdiction in federal court.

### IV.     Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion to Remand (ECF 3) is **DENIED**.

BY THE COURT:

/s/ Michael M. Baylson
**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 17\17-4344 Sanders v Ryder Truck\Order denying motion to remand.docx